I will call the case. This is 525-0239 Chambers v. Harrisburg Firefighters' Pension Fund et al. Good afternoon, Your Honors. If it may please the Court, my name is Scott Moran and I'm here on behalf of Pyle Chambers, the plaintiff appellant in this matter. The nature of the case before us today is that the pension fund in this instance voted and made a decision on a disability award, which is not contained within Article 4 of the Illinois Pension Code, which covers firefighters outside of the City of Chicago. And that is the dispute in this matter. Can you tell us what that room was specifically? Sure. So Mr. Chambers applied for two different benefits, a line-of-duty benefit and then the alternative, a not-in-the-line-of-duty. The pension board determined that he did not meet all of the elements for a line-of-duty because the injury did not result from an active duty. And he did not meet a not-in-the-line-of-duty disability requirement because he did not have the requisite seven years to be awarded that benefit and be declared disabled under the pension code under that. And we are not disputing those findings. What the pension board did find, though, is that he was disabled. But that's not anywhere under the pension code that allows them to just generically find somebody disabled. And it really creates a new category of disability that just does not exist in the law. The pension fund is a creature of statute and has no authority to find anything unless it's contained in the statute. You said that there were three choices that the board could have made. You described two that the board, one that it didn't find and one that it did. What was the third? So the third is an occupational disease disability. We did not apply for that. It wasn't applicable. Okay. But they applied for two of the three. Right. And the board determined he did not meet those elements. And if he doesn't meet the elements required of those benefits, then he cannot be disabled under the pension code. But the board has made this finding without citing any statutory authority at all that he is disabled. And now we've created this new realm of this new disability that nobody knows about. You know, there's a requirement in the statute under 4-112 that you be re-evaluated every year to confirm that you're still disabled. Oh, I'm sorry. What is the exact language that you're relying on? I don't see that where they just say he's disabled. So I can find it, Your Honor. It is in their decision in order. Let me see if I can find it in my notes that I have with me today for my argument. But they do find that he was not disabled from an active duty. I see that. And they find that he did not have the seven years to be disabled from a non-duty. I agree. But there's no one where they say that they do find that he is disabled, but they don't. But that's the problem I'm having is where they find separately that he's disabled. Well, if he's not disabled under an active duty, and if he's not disabled under a non-duty, then how is he disabled? That's the argument, that he's not disabled under the terms of the pension program. I don't know if I have it in my notes with me in front of me, Your Honor. I can find it on rebuttal and pull that out for you. But I think that's pretty important for you to find for me. That's okay. You can go on. Because I'm looking for a negative, basically, which is why I was interested in your answer to justice for errors. Yeah, I don't see that I have it in my notes for my presentation today. I can find it during rebuttal. It does say, and I'm looking at the record, seat 26. It says Mr. Chambers is disabled due to persistent major depressive disorder and dependent on narcissistic personality traits. But I think that went to the in-line duty argument. I don't think that's a separate finding is my problem with this. But he wasn't disabled, but in their opinion, they say that that was not the result of an active duty. So therefore, he's not disabled as a line-of-duty disability. So your argument is that that particular line that I read, for example, where they say he's disabled, because they don't find it was a line-of-duty disability and it wasn't him, he didn't qualify for the seven years, they still made a finding that he was disabled, but under no section of the statute. Yes, Your Honor. And the legislature hasn't given them that authority to find somebody disabled without identifying it under the pension code. There are only three choices for the board to make in order to find somebody disabled. And you're asking us to reverse the remand to do what? I'm asking you to just be voided. My opinion is that they've exceeded their jurisdictional authority, that because they operated outside of what the legislature has granted them in the statute, that it's void. But what does that mean, void? Does that mean you reverse the remand, you vacate the order? You've got to do something with void. So it's an opposition that it should be voided or reversed, but then Mr. Chambers has the opportunity to go back to his employer and say, I'm not disabled under the pension code, I can come back to work. And the ability to work, and it's not really defined in the code, but there is a difference between fit for duty and disabled from duty. And there's a case called Edwards v. Addison Fire Protection District that's not in the briefs. And in Edwards, the court held that given compelling public interest in ensuring the fitness of firefighters to perform their duties, it's reasonable to conclude that the General Assembly deliberately set the bar lower for a municipality seeking to discharge an unfit firefighter than for a firefighter to obtain a disability pension and committed the decisions to separate agencies with different missions. Okay, Mr. Moran, first of all, can you give us the citation on that? Sure, it's Edwards v. Addison Fire Protection District, Firefighters Pension Fund. Okay, is there a number? Yep, 2013 IL App 2D 121262. Now I heard you say that it's not in your brief. It is not. That's a no-no before the court. Yes, Your Honor. So my question is to the affilee whether you need to respond to that case and whether you'd like the opportunity to do so. And if you don't know the answer, you can have seven days to do that. Okay, yes, we would like to respond to that case. Okay, they'll have seven days to respond to that case, only that case. So even if the pension board finds that he's not disabled, it's still incumbent for the employer then to deal with is he really fit for duty or not. Those are two different standards. I thought that's what we were moving towards in your question. So if you reverse and remanded this case, how does that work before the pension board? Does your client get a second opportunity to have a finding made that there was no disability? How would that work? I don't think there's anything for the pension board to do, and I don't think my client has the right to go back for an honor. The pension board would have made the decision that he was not fit. He was not disabled pursuant to the pension code, and that ends the process of the pension board. He then has to go back to the employer and figure out the fitness for duty end of it. So your remedy then would be you're going to go back. Your client is going to go back and say, I want reinstated. Yes, sir, I'm not disabled. All right. And that's all the pension board can determine. But can we grant that release? To find that the pension board did not have the authority to find him disabled? I do. No, I think we can find that, that they didn't have the authority to go beyond the statute. But can we find that he was not disabled? I think that the finding that the pension board went beyond the statute equates to the same answer, that he was not disabled and the board didn't have the right to say he was. Well, that's a wordsmithing to me that we'll have to see. Okay, go ahead. So, you know, as we've talked about, that the board is a creature of statute. They can't extend beyond the statute and what it allows. When that has happened in the past, as we've cited in our brief, the Supreme Court has reversed those decisions. We cited the village of Roselle and the Roselle Fire Branch Pension Fund. In that instance, they awarded COLA benefits to a surviving spouse. Those benefits are not allowed in the pension code. They're not written in the pension code. And the court determined that they exceeded their statutory authority. And that's the same instance that we're arguing here today, is that they can only find somebody disabled under one of those three things. And in this instance, we did not prove and meet the elements for any of those three decisions. The other thing is that we haven't talked about is the standard of review. It's our opinion that this is purely an issue of statutory construction, and de novo would be the appropriate review. The city confronted in their brief that because there is nothing in the statute that says that the pension board cannot do this, that it expands the board's ability to actually come to this decision. I don't think that's correct, and I don't think any court has held that a lack of statutory authority expands an administrative agency's right to be able to do something. Rather, the case law is the opposite, where it's narrow, because we can't expand what the legislature hasn't given them the right to do. The pension board also, in its brief, never argues why it had the ability to find him disabled without it coming under one of those three provisions in the code. They argue that he didn't meet the elements of line of duty, and not in the line of duty. We agree, he didn't meet those elements. But that doesn't mean they can just say, oh, you're disabled. It creates a quandary whereby, how do we deal with this individual, and what rights under the code do they have? The pension board isn't requiring him to come back for annual examinations to see if he's still disabled. If Mr. Chambers shows up next week with a note from his doctor and says, hey, I'm fit for duty, board, I'm no longer disabled, what jurisdiction does the board have to have that? How long is he in this perpetual limbo for? And that's really what it's at, is we just don't know where he is. And there needs to be some definitive action to quantify this. And the legislature hasn't done that. This also kind of creates an absurd result. We don't allow statutes and findings to create an absurd result. The designation, the reason for the benefit fund is to allow firefighters who are disabled to receive benefits. But it isn't made to put somebody in this unknown limbo of what are they supposed to do and where are they supposed to go. And he can't go back to work because the city says, oh, you're disabled. But the pension board says, well, you're not disabled under any code, so we don't have to pay anything. So he's just there. And that was never intended by the legislature in this instance. So that really creates an absurdity that isn't accounted for anywhere. There's no guidelines. There's no standard of proof. There's no preponderance. What level and how do we get to these decisions? And how many other pension boards now? There's 635 pension boards. Now how do they look at this and say, oh, we now have this opportunity to penalize somebody. And maybe we'll just say they're not disabled under any part of the code. And now we put more people into that situation that isn't there in the statute that allows them to be put into that section. So it is our opinion that the pension fund has exceeded its statutory authority and rendered a decision that isn't allowed for in the code, and we ask that you strike that down. And I'm happy to answer any questions. I'm still a little confused on what the remedy would be from this court. When you reverse the finding of the pension board, what impact that would have on your client? So my client would be able to go to the employer and say, I'm not disabled, and I'm here to work. You're assuming we find that he's not disabled, or are you saying that because we reverse the pension board, that all of their findings then are reversed such that he's no longer disabled? Well, I think their findings as to active duty and not in the line of duty with the seven years would stand. We don't dispute those. We do not. We simply dispute that if he didn't meet those elements, then he's not disabled under the pension code. And you have to be found to be disabled under the pension code. And those are only three choices. Okay. Okay. You're asking, though, that we find not just the reverse, but find that the decision was void. Yes, ma'am. But what's the difference? The difference is that he's not disabled under the pension code, and that gives him the opportunity to try to go back to work. But I'm saying what's the difference between void and reversing and remanding? Well, if you're remanding with instructions to say the board finds that he's not disabled under the pension code, I think that would be the same thing. Okay. If we void the decision, does that give him a second bite of that apple if he wanted to go back and not in the line of duty? I would argue it does not give him a right to refile a new application and retry the case. Okay. Thank you. Okay. You have some time after your opponent. I understand you're going to split your time with Mr. Dorsey? Yes. Okay. How is that going to work? Seven and a half minutes, seven and a half minutes. Okay. We are not your timekeepers, so you'll have to do that. You have a clock? How often does it be on there? Seven and a half. We can actually split it seven and a half. Okay. Okay. Can you see that, Mr. Dorsey? I cannot see the time clock. I'll do my best. I would ask when I get down to the one minute mark or two minute mark, if somebody could let me know. I appreciate it. Okay. We'll have your co-counsel do that for you. Thank you.  Or the clerk. Somebody will give you a motion on this. Yes, ma'am. Thank you. Who's going first? I can go first. All right, Colby. You go first, and I'll go second. Okay.  May it please the court, I'm Colby Smith. Here's attorney for the city of Harrisburg. City of Harrisburg's appellee intervened in this case. The job of the intervener in this case was to offer evidence at the pension board hearing that wouldn't otherwise be entered into evidence at the pension board hearing. The city did that. The facts are set out, and the evidence is set out in our brief in the facts section. A lot of this case depends on the question that's being asked, such as the standard. I think we narrowed it down to the question is whether the board had the authority to enter their opinion the way that they did. We think they did. I think Mr. Orson thinks they did. If that is the question, simply a question of law, of the board's authority, interpreting the statute, we believe it will be a de novo review. At the subcourt level, there was a lot of different issues, which we argued the manifest way of evidence, mixed questions of law and fact, perfection only. I think this one is a de novo, as it is written in the brief, so that is not an issue, as it states in the appellant's brief. Why does the pension board have to say, we find him disabled, but not under the line of duty or the seven-year service requirement? Why can't you just say that and leave out, but he's disabled? By not doing that, did they not exceed your statutory authority? The city doesn't think they did exceed their authority. The three, 110, 111, 110.1, line of duty, non-line of duty, and the hazardous material are the three instances they can award disabilities. They didn't award a disability in this case. If they are going to award a disability, they would have to list one of those three. But the opposing counsel doesn't disagree with that. Right. In the pension code statute, there isn't much authority as far as how they are supposed to issue their rulings. The way I came up with it, it's in my brief. Does the disability termination follow the plaintiff forever? Doesn't it? Because what if he says, all right, I don't get my pension, hire me back. No, because we found you to be disabled. Right. And this isn't some left field finding, but more this is he's applying for a non-duty disability, saying I'm disabled. The only reason he didn't get it was because he didn't have his seven years of service for the non-duty. Three of the four doctors found that he was not fit for duty in this case. So the pension board took all that information they had and did put it in their opinion. I think it was in line with the pension code statute because the pension board has the authority to hear and decide all applications for pensions and other benefits. I think that's what they did. They concisely put in there the evidence that was given at trial. Now, I know the appellant would like it to be a checkmark box of yes, you're awarded disability or no, you're not. I don't think there's any requirement that they have to do that for their disability hearing opinions. No, but what we're asking is a different question. What Justice McHaney and I are asking is why do you find this disability outside the context of the three statutes? We're excluding those three statutes now. And we have this finding that this gentleman was disabled and he is in limbo. Yes, and again, I think it goes back to he was an applicant for a pension disability. He's saying, I'm disabled. I don't have, I just don't have the seven years required service. As the circuit court said, you may invite some of that finding when you go to a pension board and say, I'm disabled, I need a non-duty disability, even though you don't have the seven years required service. They may say, yes, I agree, but you don't meet the seven years, so you don't get it. What is the standard of review of this court as it relates to the pension board decision? Do you know? The standard of review as to this question, that may be a better question for Mr. Orsi, who's the board attorney, who deals with these all the time. But what I'm asking is, are we reviewing the circuit court or are we reviewing the pension board? Oh, pension board, yes. We're reviewing the pension board. So we're looking at what the pension board is doing. And the question is whether or not, if you go to the pension board and you say, I'm disabled, okay, I want a pension under A, B, or C, you're saying that you're bound by that admission of going forward to the pension board and saying, I'm disabled. No. Okay, you're not. No, not exactly. The pension board based their evidence, they had to send the applicant to three expert doctors. That's what they did. The majority of doctors said, yes, you're not fit for duty. They didn't relate to his work, or the pension board opinion does not relate to his psychological issue to his work. It was a non-duty. If he did have the seven years of required service, he would have had the pension disability, the non-duty. I think what he says is true if they are, if we're talking about awarding benefits such as the Roselle case. The Roselle case, I'm sorry that he mentions it in his brief, Supreme Court. I think that's kind of impactful. The orange is they were awarding benefits in that case. There was a widow who was getting benefits 3% extra than she should after the police officer passed away. We're not awarding benefits here. I don't think there's a, that case I don't believe applies in this instance. So is it fair to say that if the pension board simply would have said, well, let me back up. If this gentleman had seven years of service, he would have clearly been entitled to the not-in-line-of-duty pension. So simply because he didn't have the seven years, then it sounds like maybe the pension board simply used too much verbiage by saying you have a disability, and they could have said, yes. I'm just trying to see how I'm phrasing this. Yeah, I mean, he would have qualified, but for the seven. So there's that category of applicant for these pension benefits that is in limbo. It's the person who is disabled, that was not in the line of duty, and that doesn't have the seven years. And the pension board just doesn't know how to label them. Because I'm assuming there's been other situations where an individual with less than seven years has been found disabled. And what happens with those? What do they just say? You're disabled, however, because you don't have the seven years, you're not entitled to the pension. I would say, and I'll let Mr. Orsi answer this, my time's up. I would say there's nothing in the statute that says what they're supposed to do. That's where they get their authority from. If that is something that needs to be done, that needs to be taken up to the legislators. Right. Let's hear from Mr. Orsi. Your time has expired. Is that okay? Yes, thank you. All right. Yes, ma'am. I appreciate the court allowing me to participate for all of these unusual circumstances, but I'm going to do my best today. Let me start by answering Justice Barbera's question. There haven't been any other cases that have appeared in front of an appellate court for us to consider today, because typically what will happen is at the pension board level, when a determination was made, either he is found to be disabled and the applicant accepts that and there is no appeal, or if there were an appeal, they're challenging whether or not he's met his burden of proof to take him to the higher courts. I think what's happening here is Mr. Moran is taking this court down the rabbit hole. He's asking this court to make a binary choice, saying that the pension board is obligated to either grant this client a disability, albeit a minor duty disability, which he requested, or a non-duty disability, which he also requested in the alternative, or determine that he's not disabled and make him eligible to return to work, assuming he gets past the disciplinary hearing that is still pending against him. I would remind the court that in his presentation to the board, and this was pointed out by the trial court judge on review, that Chambers sought a minor duty disability or, alternatively, a non-duty disability. That's on the transcript in page 30. Chambers invited the board's determination as to whether or not Mr. Chambers was disabled or not. By statute, the board is obligated to send in the three doctors, in this case, psychiatrists, for independent examination. Two of the three board doctors determined that he was psychologically disabled, and the city doctor, Dr. Conrad, also determined that he was psychologically disabled, and all those reasons are laid out in the board's decision and have been argued in the briefs. What Mr. Moran is bringing to this court today is they want this court to make a de novo decision that somehow the board's determination has to fall within a statutory category that Mr. Moran claims we're creating. We're not. We're simply finding that under the non-duty disability statute, there are two elements that have to be proven. One, his client is disabled, which was proven, and the second, that his client has seven years of criminal service, which was not proven, and Mr. Moran acknowledged that at the time of the hearing, which begs the question, why at the time of the hearing when he was asked, do you plead in the alternative for non-duty disability, his answer was yes. The facts don't bear that out, and ultimately that's why the court ruled, or the board ruled, that he was disabled. Psychologically, but not in having to defend it. One final point, which I think is critical for the court to consider. Mr. Moran, in his brief, and particularly his reply brief, which we didn't get a chance to respond to until today, he argues that when we look at Article IV of the Pension Statute, there are several choices that can be made. He also argues that this is a consequence, the board's determination is a consequence, that the legislature didn't contemplate. Well, I would argue just the opposite, because with the pension, when the legislature created the pension statutes, they created Article III for police and Article IV for fire. There are many similarities between the two. There are some differences, and one of those differences accentuates the point before the court today. If we look at 40 ILCS 5-4-11, that's the non-duty disability statute for fire, it says in order to receive the non-duty disability, the firefighter has to be determined disabled and has to have at least 70 years of medical service. Well, when preparing Article III of the pension code, 40 ILCS 5-3-114.2, the non-duty disability statute for police, there is no 70-year requirement. You can be a police officer for one day and get hurt in a capacity where you are not performing an active duty, and that would open the door for you to receive a non-duty disability pension. So clearly, the legislature knows the distinction between including a prerequisite, i.e. the 70-year requirement for a firefighter to receive a non-duty disability, or not. So we can't sit here today as a court or a pension board and rewrite the statutes. That's the purview of the legislature. And they have placed this restriction in order for firefighters to receive the benefit. And all we simply did as a pension board was respond to the request of Mr. Chu Ingers, which was, am I entitled to a line of duty or a non-duty disability? And we determined, invited the decision, we found him to be disabled, but because he didn't meet the criteria for the non-duty disability, he doesn't receive that award. If Mr. Moran wants to go back to the legislature and suggest that they carve out an exception for individuals like this client that might fall into the cracks, so to speak, then that's up to the legislature to determine. But the pension board did file the statute. We're not creating any new statute here. That's why we can't find any case law, because frankly, it's absurd to take that position and assume that somehow we're creating a new statute when none has taken place. Mr. Orsi, I don't think anybody is making that claim. The question is, you found that he was not eligible for a pension. They agree with that. But now you have a finding of disability and no opportunity for him to avoid that. He's stuck with that label. Well, Mr. Moran would like this court to either remand or determine that the board's determination was in some way avoidable. The board has made its determination pursuant to statute by reviewing all the circumstances, the medical reports, and the testimony of the parties and the witnesses. The conclusion is very clear on the record that this client is in fact disabled. The fact that this client isn't afforded money at the end of the day is not the board's problem. It's not this court's problem. It falls to the legislature, much as they did for Article III police. If they wanted to create an opportunity for a firefighter to have less than seven years' credible service and be entitled to a non-dating disability, they would have put that in the statute as they did for Article III. I'm not asking about that. What is the due process afforded this gentleman where there is a finding of disability and no opportunity to have that removed? Where in the statute does that allow, does the pension board have that right? The pension board is obligated to follow statute. And the only way around this, Mr. Moran, presumably, in his argument when he said, well, then the board, if they've declared him disabled, there's another statute in the briefs that says when a pension board has determined that a person is disabled and receiving a pension, a disability pension is what the statute says, then you must do the annual disability review until the individual reaches age 50. But because if we read the statute specifically, and it's in the briefs, if we read the statute specifically, he's not receiving a disability pension. So there can be no annual review under this statute. Mr. Moran would like to change the wording of that statute and allow that to happen. That's precisely the point, is there is no review. There is no review with the way the pension board issued this decision. There's no opportunity for this gentleman to have any sort of remedy to go back to work. Well, Mr. Moran has suggested one in his arguments. He suggested that he could go get a doctor to examine him and get a letter from a doctor saying that he's fit for duty. Do you agree with that? Do you agree with that? If Mr. Moran, that's what Mr. Moran suggested. Yeah, but no, my question is, do you agree that they could go get a letter in light of the board's findings and go back to work? What I think could happen, ma'am, under the circumstances is, if he got a doctor to conduct an examination, a psychological exam, and formulated an opinion that says he has recovered from his disability and now can return to work, he presents that to his employer. And his employer would then consider, it would be between him and his employer, not between him and the pension board. We have lost jurisdiction in this case after this court issued its determination, and we will not come back to revisit it unless this court determines that somehow we are going to revisit it. So in the event that this gentleman does what you just suggested and gets a doctor to write a report saying that his disability is cured, he's no longer disabled, and he would have presented that to this fire department to be hired back on. Would the fire department not immediately look at that and say, wait, you've got a disability finding by our pension board, and your doctor doesn't trump that? Well, I think, Justice Barbera, what's going to happen is, in the materials, you'll see there's a pending disciplinary action that's still pending in every one of those two chambers. So he would have to go back to his employer saying that I've recovered from my disability. Here's the doctor's report. And then his employer, presumably, would then say, all right, well, we've got to pick up then where we were last at, which is we now have to proceed with that disability hearing. So whether or not he gets his job back or not is a city determination. But he may want to follow that disciplinary hearing if it still has to be adjudicated by the city. And if he didn't win that, his appeal would be through the police and fire commission, that I presume is going to take up the disciplinary issues. That's his avenue of appeal to challenge to try to get his job back if he feels he's capable of doing the work, and if a licensed psychiatrist who examines him believes he's recovered from the disability and is capable of returning to work. That was very specific, and I appreciate what you're saying to this individual person. I guess I was thinking in terms of if there were no disciplinary action pending for someone in that scenario, would it not just be a trump card for the employer to say, well, you've been found disabled by the pension board, and your private psychiatrist report doesn't trump that. We need the board to remove that disability. No, sir, I don't think it comes back to the board. If he produces a doctor's report from an examining psychiatrist and says he's fit to return to duty, the city then has to make that determination. I'm just speculating now. The city might say, well, before we return you to work, we want to do a fitness for duty exam to our doctor and take a look at that. But if that's a separate administrative hearing, that if Mr. Chambers does that, doesn't get the release he seeks, he can do administrative review there, and it may eventually come back to this court. And in my view, you'd have a cleaner issue to determine than the one you have before you, because in my view, this is a Pandora box. This is Mr. Moran leading this court down a rabbit hole. There is no new statute that's been created, and you just haven't seen this before, nor have we seen it anywhere else in the state of Illinois, because these are such unusual circumstances, or that people would accept the determination and not appeal. And so you don't see cases going to the circuit court, or certainly at the appellate court level, where any of us would have any case law to examine. So I think what you've done is you've answered, at least in your own opinion, the question that I was having, was the statute of this case was basically suggesting that this individual has nowhere to go, that he is no longer employable, period, because of the board's actions. And what you're saying is there is an avenue for him to become re-employed, and that is to go through the steps of finding a psychiatrist, to find that he's no longer disabled, and then apply and face whatever consequences, or jump through any hoops that might be necessary to re-establish employment. Yes, sir, I believe that's an avenue that's available to Mr. Chambers, and he chooses to take it. Thank you. Okay, thank you, Mr. Dorsey. Mr. Moran? Thank you, Your Honor. So I want to start by answering your question earlier about the Pension Board's finding. So you cited the correct evidence exists about persistent major depressive order on page 28 of the record. But the board goes on further. It says, wherefore, for reasons stated herein, it's ordered by the board, the pension fund, that the applicant's application for a line-of-duty disability pension is denied. Further, the applicant has failed to meet the requirements to establish a non-duty disability due to the fact that he has seven years of credible service time. The board's decision says that he didn't qualify or meet a non-duty disability. He is not disabled under the pension code. Now, Mr. Dorsey alluded to a pending disciplinary issue. The board of the Merit Commission for the City of Harrisburg issued a decision that says it was final, and they dismissed all charges against Mr. Chambers. There is no pending disciplinary action. And that is not part of the record. I'm responding to the allegations here. And the city's lawyer is here to ask him that question to make sure that I'm right. But, you know, Mr. Dorsey goes on about that we have a right to just show up at the city. I think the city would say otherwise. The city's going to say, oh, pension board said he's disabled. That's a separate independent body from the city. They operate under a separate statute. And we have no authority or jurisdiction over their decision. And we are going to live with their decision that he says he's disabled. And how do we deal with that label of getting him possibly back to work, or at least the opportunity to argue, hey, I can come back to work. I'm better. People do get better from psychological disabilities, which is why, not only under physical injuries, why the board is bound every year until age 50 to have somebody re-evaluated to determine if they are disabled or not. And Mr. Dorsey's argument is, well, because we're not paying him a benefit, we don't have to have him examined. Well, isn't that really working the law on both ends? And imagine other pension boards doing that to other firefighters, saying we'll just say you're disabled over here, and we don't have to give you anything, and then we can ignore you for the next 15, 20 years, and you have no recourse to get this fixed to be able to say that I got better. But that's a psychological interest. So I'm interrupting because you're on a roll, but in terms of what you're saying is absolutely true, in so much as there isn't an avenue for this gentleman to get evaluated on a yearly basis or any other time, but how do we, we don't have the authority to do something about that, and I think Mr. Dorsey has suggested that the only way to do that is through legislative action. I don't understand how we can fix the problem that your client has currently. Now, let me back up a little bit so you can respond to both of my comments. As you can tell, we don't really care about the lawyer anymore. But with regard to the statement that you said the board, you know, found that he was disabled under the non-duty line of pension, but didn't qualify because he didn't meet the seven-year requirement, so he's not disabled. That's really not what they're saying. They have to say that he's disabled based on the information that they have and would otherwise qualify but for not having seven years. So how do they avoid finding him disabled if he doesn't meet the seven-year requirement? Their answer should have been he is not disabled pursuant to the pension code, period, because he's not. And Mr. Dorsey admits that we did not meet the required elements of such. And they say, exactly, applicant has failed to meet the requirements to establish a not-on-duty disability. That's their words in their decision. So he's not disabled pursuant to the pension code. And that's the only thing the pension can determine. So is the board only able to determine if they're not disabled, or are they able to determine that they are disabled? They're able to determine if they're disabled according to the pension code, and if they're not disabled according to the pension code, then they are not disabled under the pension code. But in the situation where the non-in-line-of-duty pension has two steps, aren't they permitted, aren't they required, isn't it necessary for them to answer each individually? One, are you disabled or not? And then two, do you qualify for the pension based on the second element, have you been employed seven years or more? And if they find that he's disabled, which is a legitimate potential finding for them in this case, then they move on to the second step, which is, do you qualify for the pension under step two? No, so we can't go back and say you're not disabled. We can just say you're disabled, but you're not entitled to a pension. And then I think that becomes the next thing that I spoke about first, how do you remove that disability label and get back re-employed, and I don't know that we can do anything about that, as opposed to the suggestion that maybe it's a less slurred option that would be needed. So respectfully, I disagree with the analogy in that you have to meet each element, in every element, in order to be found disabled underneath whatever position it is that they're finding. And in this instance, he did not meet the element of the seven years, therefore he cannot be found disabled in a non-duty disability. Okay, if that's the position you're willing to go in, I understand it. I don't know that I agree with it right now. I understand. I will look at it more thoroughly and see if I'm missing something. I understand. Okay, well thank you very much. Thank you, Justice Sisson. I appreciate your time today. Thank you all, counsel, for being here today, and thank you, Mr. Orsi, for your cooperation. This matter will be taken under advisement. We will issue an order in due course, and that concludes the afternoon docket. The court will be in recess until tomorrow morning at 9 o'clock.